J-A16027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                    :              PENNSYLVANIA
                                                   :

                     v.                        :

                                                 :

STEWART C. SMITH                :

                                                 :

               Appellant          :     No. 80 MDA 2021

Appeal from the PCRA Order Entered December 31, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003032-2013

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:      **FILED: AUGUST 11, 2021**

Stewart C. Smith (Appellant) appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas dismissing his serial petition filed pursuant to the Post Conviction Relief Act[1] (PCRA). Appellant seeks collateral relief from his jury convictions of sexual assault, indecent assault, and simple assault,[2] for an April 2013 assault of his then girlfriend. On appeal, Appellant argues he adequately pled an exception to the PCRA time bar, the PCRA court erred in dismissing his petition without a hearing because prior counsel rendered ineffective assistance, and the PCRA court should have recused. For the following reasons, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3124.1, 3126(a)(1), 2701(a)(1), respectively.

In the early morning hours of April 26, 2013, Appellant bit and sexually assaulted the victim in their shared bedroom after she refused to have sex with him. Trial Ct. Op., 10/27/16, at 5-6. Appellant was charged with rape, sexual assault, two counts of indecent assault, and simple assault.[3] On April 24, 2014, Appellant proceeded to a jury trial, during which he was represented by Autumn Walden, Esquire. On April 25, 2014, the jury found Appellant guilty of sexual assault, one count of indecent assault, and simple assault, and not guilty of rape and the remaining count of indecent assault. On July 29, 2014, Appellant was sentenced to seven to 14 years' incarceration for sexual assault, and concurrent terms of two years' probation on the other counts.

Appellant filed a timely *pro se* notice of appeal, which he later discontinued on November 20, 2014. On December 15, 2014, Appellant filed a timely *pro se* PCRA petition. Jennifer Tobias, Esquire, was appointed to represent him, and filed an amended petition on March 30, 2015. Appellant subsequently filed a petition to proceed *pro* se. After a May 19, 2015, **_Grazier_**[4] hearing, Attorney Tobias was permitted to withdraw, and the PCRA court appointed new counsel, Bryan DePowell, Esquire. Appellant again requested permission to proceed *pro* se and Attorney DePowell was permitted to withdraw following a second **_Grazier_** hearing.

---

[3] 18 Pa.C.S. §§ 3121(a)(1); 3126(a)(2).

[4] **_Commonwealth v. Grazier_**, 713 A.2d 81 (Pa. 1998) (holding that a hearing is required to determine if defendant's waiver of right to counsel at appellate stage is knowing, intelligent and voluntary).

On November 23, 2015, with permission of the PCRA court, Appellant filed a *pro se* amended petition, followed by a *pro se* supplemental brief on December 21, 2015. On April 18, 2016, the PCRA court granted relief on one claim — that the 14-year maximum sentence imposed for Appellant's conviction of sexual assault was an illegal sentence[5] — and filed a notice of dismissal pursuant to Pa.R.Crim.P. 907 for Appellant's remaining claims. On May 10, 2016, the court resentenced Appellant on his conviction for sexual assault to a term of 4 1/2 to 10 years' incarceration, and ordered the other sentences to remain the same. On May 12, 2016, the PCRA court entered a final order denying relief on Appellant's remaining claims.

Appellant filed a timely *pro se* notice of appeal both from his May 10, 2016, judgment of sentence, and from the May 12, 2016, order denying PCRA relief. The PCRA court appointed Christopher Wilson, Esquire, to represent Appellant in both matters. This Court affirmed Appellant's judgment of sentence on August 18, 2017, and affirmed the order denying PCRA relief on September 7, 2017. **Commonwealth v. Smith**, 977 MDA 2016 (unpub. memo.) (Pa. Super. Aug. 18, 2017); **Commonwealth v. Smith**, 1127 MDA 2016 (unpub. memo.) (Pa. Super. Sept. 7, 2017), *appeal denied*, 813 MAL 2017 (Pa. 2018). Appellant filed a petition for allowance of appeal with our

---

[5] The crime of sexual assault is a second-degree felony. **See** 18 Pa.C.S. § 3124.1. Thus, the maximum sentence the court could impose is 10 years' imprisonment. **See** 18 Pa.C.S. § 1103(2).

Supreme Court from the PCRA appeal, which was denied on April 30, 2018. **See** 813 MAL 2017.

Thereafter, on August 17, 2018, represented by Joseph Sembrot, Esquire, Appellant filed a second PCRA petition. Attorney Sembrot filed a petition to withdraw after accepting a position with the Commonwealth. The PCRA court granted Attorney Sembrot's petition and appointed Shannon Sprow, Esquire, as PCRA counsel. Attorney Sprow subsequently petitioned to withdraw and filed a **Turner**/**Finley**[6] "no merit" letter. On June 12, 2019, the PCRA court granted Attorney Sprow's petition to withdraw and issued a Rule 907 notice of intent to dismiss Appellant's petition. Appellant did not file a response, and, on August 5, 2016, the PCRA court dismissed Appellant's second petition. No appeal was filed.

Appellant filed the present PCRA petition, his third, *pro se* on September 5, 2019, followed by a *pro se* supplemental petition on October 23, 2019. On that same day, the PCRA court appointed Wendy Grella, Esquire, to represent Appellant in the PCRA proceedings. Attorney Grella subsequently filed a **Turner**/**Finley** "no merit" letter and petition to withdraw. On July 9, 2020, the PCRA court granted counsel's petition to withdraw and issued a Rule 907 notice of its intent to dismiss Appellant's petition without first conducting an evidentiary hearing. Appellant filed a response to the court's Rule 907 notice

---

[6] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

on July 24, 2020, followed by a supplemental PCRA petition on October 22, 2020.[7]  On December 31, 2020, the PCRA court entered an order dismissing Appellant's third petition as untimely filed.  Appellant filed this timely *pro se* notice of appeal.[8]

Appellant raises the following issues on appeal:

1. Whether the PCRA [c]ourt erred by concluding Appellant failed to plead any of the exceptions to the timeliness requirement thereby dismissing [his] PCRA as untimely?

2. Whether the PCRA [c]ourt exhibits a pattern of bias abusing [its] discretionary power to thwart Appellant's ability to bring constitutional claims before the court for review by not ordering an evidentiary hearing concerning second PCRA counsel's untimely and omitted manifest injustice or assert any exceptions to time-bar [PCRA] petition that was filed [sic]?

3. Whether the PCRA [c]ourt abused [its] discretion by not ordering an evidentiary hearing concerning resentencing attorney's strategy of filing impermissible issues on appeal?

4. Whether the PCRA [c]ourt abused [its] discretion by not ordering an evidentiary hearing concerning PCRA attorney's strategy of failing to seek to amend *pro se* 1925(b) statements, abandoning preserved issues in favor of causing waiver, manifest injustice and an unreasonable application of [the ineffectiveness] analysis while on appeal, reconsideration and petition for allowance of appeal [sic]?

5. Whether the PCRA [c]ourt abused [its] discretion by not restoring Appellant's resentencing and [PCRA] appeal rights?

---

[7] On October 16, 2020, Appellant requested permission to file the supplemental petition.  The record does not include an order granting Appellant permission to do so.

[8] Although the PCRA court did not order him to do so, Appellant filed Pa.R.A.P. 1925(b) statement of errors complained of on appeal on January 25, 2021.

6. Whether the PCRA [c]ourt abused [its] discretion by denying recusal request and immediately after, without jurisdiction as the both [c]ourt and ADA were aware and kept secret, resentenced Appellant to maximum sentence [sic].

7. Whether [t]he PCRA [c]ourt abused [its] discretion by denying [a]n evidentiary hearing concerning trial counsel's strategy of withholding video interview of complainant from her client failing to utilize it at trial allowing [the] Commonwealth to present false impression of facts, even perjury, lack of hue and cry and police to coach and provide answers to say in court [sic]?

Appellant's Brief at 3.

Furthermore, Appellant was granted permission by this Court to file a supplemental brief,[9] which raises one additional claim:

1. Whether Appellant's due process [rights] were violated by the PCRA [c]ourt bias, partiality which so undermined the truth determining process that it rendered Appellant's initial [PCRA] proceeding a structural defect, fundamentally unfair and unconstitutional [sic]?

Appellant's Supplemental Brief at 6.

Preliminarily, we note Appellant's arguments are not separated in sections corresponding to each of his eight issues raised on appeal and, throughout his argument, Appellant's claims overlap. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued."). Thus, we will combine and address his claims as he does in his brief.

First, Appellant argues the PCRA court erred in determining he did not plead or prove any timeliness exception to the PCRA. Appellant's Brief at 17.

_____

[9] *See* Order, 5/13/21.

Rather, he alleges that, in his third PCRA petition, he pled both the governmental interference and newly discovered facts exceptions under 42 Pa.C.S. §§ 9545(b)(i) and (ii). *Id.* First, he maintains the manifest injustice he suffered at the hands of the court— "the judicial branch of government" — qualifies as government interference pursuant to Section 9545(b)(1)(i). *Id.* at 20. He argues Attorney Wilson (direct appeal and first PCRA counsel) "abandoned preserved issues" and was "ineffective *per se*" when he filed a Rule 1925(b) statement raising issues for the first time on appeal. *Id.* at 19. Moreover, he claims that this Court incorrectly applied the ineffectiveness standard, and the law relating to waiver and previously litigated issues. *Id.* Appellant insists "[r]einstatement of [a]ppellate rights *nunc pro tunc* is the remedy approved by the Supreme Court, [t]he Third Circuit[,]" and Pennsylvania's appellate courts. *Id.* at 20.

With regard to the newly discovered facts exception, Appellant insists he is entitled to relief as a result of the ineffective assistance of Attorney Sembrot — who filed his second PCRA petition. Appellant explains Attorney Sembrot "had until June 30, 2018 to file [Appellant's] second [PCRA]," which was 60 days after the Pennsylvania Supreme Court denied his petition for allocatur. Appellant's Brief at 17. However, Attorney Sembrot did not file the petition until "August 17, 2018, one and a half months past the deadline and omitted any [timeliness] exception," causing the petition to be dismissed as untimely. *Id.* Relying upon **Commonwealth v. Peterson**, 192 A.3d 1123

(Pa. 2018), Appellant contends this late filing "constitutes *per se* ineffectiveness[.]"[10] *Id.* at 17-18.

Appellant also argues he suffered a "miscarriage of justice" when Attorney Walden (trial counsel) withheld a video recorded interview of the complainant, which Appellant maintains would have "shifted" his defense. Appellant's Brief at 20. Appellant notes that "all counsel of record [throughout his appeals and PCRA petitions] would not even talk about the video [interview]." *Id.* at 21. Appellant further claims Attorney Walden's "strategy," of permitting the Commonwealth to present "false impression[s] of facts" and failing "to request proper jury instructions," entitles him to an evidentiary hearing. *Id.* at 23.

Appellant then argues the PCRA court should have recused from this case and was without jurisdiction to resentence him. *See* Appellant's Brief at 22. Appellant maintains "the trial court exhibited many instances warranting recusal[,]" including *inter alia* "permit[ting] attorney misconduct in her presence," not allowing Appellant opportunity to view the "video [interview] of complainant[,]" and "violating the [Pennsylvania] Wire Tap Act[.]" *Id.* Appellant insists "[m]ore examples can be found if the record were seriously scrutinized." *Id.* at 23.

_____

[10] Although Appellant does not explain when he learned his second PCRA petition was untimely filed, he filed his third PCRA petition on September 5, 2019.

Finally, in the sole claim raised in his supplemental brief, Appellant references arguments made in his initial brief, outlined above, including the PCRA court's alleged error in not granting an evidentiary hearing on his claims of ineffectiveness of counsel and alleged attorney misconduct. *Id.* at 7-9. Appellant further states this Court "improperly" ruled on his resentencing and PCRA appeals. *Id.* at 8-9. We conclude no relief is due.

The standard by which we review PCRA petitions is well settled:

> Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court.

*Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (citations omitted). Moreover:

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Grayson*, 212 A.3d 1047, 1054 (Pa. Super. 2019).

Preliminarily, we must address the timeliness of Appellant's petition:

> Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature."

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S. [ ] § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. [ ] § 9545(b)(3).

**Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa. Super. 2018) (some citations omitted). We may reach the merits of an untimely PCRA petition only if the petitioner pleads and proves one of the three exceptions set forth at Section 9545(b)(1). 42 Pa.C.S. § 9545(b)(1)(i)-(iii); **Montgomery**, 181 A.3d at 365-66.

Any petition, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 10 -

42 Pa.C.S. § 9545(b)(1)(i)-(iii). When invoking a timeliness exception, a petitioner must raise the exception either within 60 days or one year of the date the claim could have been raised.[11] **See** 42 Pa.C.S. § 9545(b)(2).

In the instant case, Appellant's judgment of sentence became final on November 20, 2014, when he voluntarily discontinued his appeal.[12] **See** **Commonwealth v. Conway**, 706 A.2d 1243, 1244 (Pa. Super. 1997) (judgment of sentence becomes final upon an appellant's request to discontinue an appeal). Appellant had one year from that date, or until November 20, 2015, to file a timely PCRA petition. He filed the present PCRA petition on September 5, 2019, approximately four years thereafter.

---

[11] Until 2018, Section 9545(b)(2) required a petitioner to invoke a timeliness exception within 60 days. However, in 2018, the time period was extended to one year. 42 Pa.C.S. § 9545(b)(2); Act of October 24, 2018, P.L. 894, No. 146, § 2. The Act amending Section 9545(b)(2) provides that the one-year period applies only to timeliness exception claims arising on or after December 24, 2017. Act of October 24, 2018, P.L. 894, No. 146, § 3. Because most of Appellant's claims arose prior to December 2017, the 60-day period, rather than the one-year period, applies. However, Appellant's claim that second PCRA counsel, Attorney Sembrot, was ineffective arose after December 2017, and thus, the one-year period applies to that claim only.

[12] Although Appellant was granted resentencing relief pursuant to his first PCRA petition, and resentenced on May 10, 2016, this did not "reset the clock" for the finality of his judgment of sentence for PCRA purposes. **See** **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008) ("[A] successful first PCRA petition does not 'reset the clock' for the calculation of the finality of the judgment of sentence for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights nor disturbed his conviction, but, rather, affected his sentence only.").

Thus, Appellant's present petition is facially untimely and must meet one of the above exceptions. Appellant claims that he did plead and prove two exceptions to the PCRA time bar. Upon our review of Appellant's third PCRA petition and supplemental petition, we conclude Appellant only adequately pled a timeliness exception regarding the purported ineffectiveness of Attorney Sembrot.[13] Thus, any timeliness arguments concerning his remaining claims are waived.[14] *See Commonwealth v. Williams*, 899 A.2d 1060, 1066 n.5 (Pa. 2006) (issues not raised in a PCRA petition are waived and cannot be considered for first time on appeal); *Derrickson* 923 A.2d at 468-69 (Pa. Super 2007) (failure to plead a timeliness exception in a PCRA petition renders the issue waived).

---

[13] Throughout his brief, Appellant references a police video interview with the victim. He seems to imply his belated receipt of this video meets the newly discovered facts timeliness exception. *See* Appellant's Brief at 19-21. However, he did not raise this claim in any of his petitions. Thus, it is waived. *See Commonwealth v. Derrickson* 923 A.2d 466, 468-69 (Pa. Super. 2007). Furthermore, while Appellant claims "trial counsel withheld" the video from him until after his trial, he does not provide the date he "received a transcribed version" of the interview; although he implies the latest date he could have received it was in May of 2016. *See id.* at 12, 21. Thus, any claim that the video interview qualifies as a newly discovered fact should have been raised within 60 days of Appellant's discovery of that evidence, or no later than July 8, 2016. *See* 42 Pa.C.S. § 9545(b)(2); Act of October 24, 2018, P.L. 894, No. 146, §§ 3, 4.

[14] In reviewing Appellant's third PCRA petition and supplemental filings, we note he does not invoke the governmental interference exception with regard to any of his claims.

- 12 -

As noted **supra**, Appellant preserved a timeliness exception with regard to one claim — Attorney Sembrot's purported ineffectiveness *per se*. Appellant argues Attorney Sembrot filed Appellant's second petition late without raising any timeliness exceptions, causing it to be dismissed as untimely. Relying upon **Peterson**, Appellant insists this is ineffectiveness *per se*, which qualifies as a "new fact" under 42 Pa.C.S.A. § 9545(b)(1)(ii). We conclude his reliance on **Peterson** is misplaced.

Generally, "counsel's ineffectiveness may not be invoked as a newly-discovered 'fact' for purposes of invoking the subsection 9545(b)(1)(ii) exception." **Peterson**, 192 A.3d at 1129. However, the Pennsylvania Supreme Court created an exception to this general rule in **Peterson**. In that case, PCRA counsel filed a first PCRA petition one day after the one-year time-period allotted by the statute. **Id.** at 1125. Although the PCRA court denied the petition on the merits, this Court quashed the subsequent appeal, holding the petition was untimely filed. **Id.** at 1126. Peterson filed a second PCRA petition raising an ineffectiveness claim and the PCRA court ultimately found he was not aware of the filing deadline or that counsel had filed a late petition until receiving a Superior Court order informing him. **Id.** at 1126-27. The PCRA court ruled his second PCRA petition was timely filed. **Id.** at 1127.

Our Supreme Court ultimately granted Peterson relief. **Peterson**, 192 A.3d at 1127, 1132. The Court held an "untimely filing of [a petitioner's] **first** PCRA petition constitute[s] ineffectiveness *per se*, as it completely foreclose[s

the petitioner] from obtaining review of the collateral claims set forth in his first PCRA petition." *Id.* at 1132.

Appellant's case is distinguishable from **Peterson** because Appellant was not "completely foreclosed [ ] from obtaining review of the collateral claims set forth in his **first** PCRA petition." **Peterson**, 192 A.3d at 1132 (emphasis added). Appellant did, in fact, obtain collateral review of his **first** petition, and was granted partial relief. Thus, the fact that his **second** petition, filed by Attorney Sembrot, was dismissed as untimely does not constitute ineffectiveness *per se* under **Peterson**. Attorney Sembrot's failure to plead any of the timeliness exceptions in Appellant's second petition did not "completely foreclose" all collateral review. *Id.* Accordingly, Appellant is entitled to no relief.

For the reasons above, the PCRA court did not err in denying Appellant's request for an evidentiary hearing because there were "no genuine issues of material fact in controversy." **See Grayson**, 212 A.3d at 1054. Although Appellant adequately pled a timeliness exception with regard to one claim, as explained **supra**, Attorney Sembrot's actions did not constitute ineffectiveness *per* se and cannot qualify as a newly discovered fact. **See Peterson**, 192 A.3d at 1132. Accordingly, no relief is due.

The only other issue which merits discussion is Appellant's claim that the PCRA court should have recused. **See** Appellant's Brief at 23. Appellant did not raise this claim in his PCRA petition, but rather, raised it for the first

time in his July 24, 2020, response to the PCRA court's Rule 907 notice. Thus, it is waived.[15] **Williams**, 899 A.2d at 1066 n.5.

As discussed **supra**, Appellant's remaining claims are facially untimely and he did not plead any exceptions to the PCRA time bar. Thus, we do not address these claims on their merits and no relief is due. **See** 42 Pa.C.S. § 9545(b)(2); **Montgomery**, 181 A.3d at 365.

Order affirmed.

---

[15] We note, too, Appellant's belated basis for seeking the PCRA court's recusal is the court's purported appointment of counsel "who take no interest in [their] client" and "sabotage[ ] the case causing more harm[.]" Appellant's Reply to Court Granting Counsel Withdraw & Rule 907 Notice of Intent to Dismiss PCRA, 7/24/20. Thus, he appears to question the PCRA court's grant of appointed counsel's petitions to withdraw. What he fails to acknowledge, however, is that he is not entitled to the appointment of counsel for any post-conviction filing except his **first**. **See** Pa.R.Crim.P. 904(C); **Commonwealth v. Kubis**, 808 A.2d 196, 200 (Pa. Super. 2002) ("[T]he Pennsylvania Rules of Criminal Procedure provide that the PCRA court shall appoint an attorney to represent a petitioner during his **first** PCRA petition when he demonstrates that he is 'unable to afford or otherwise procure counsel.'").

Moreover, we note that Appellant previously filed a motion seeking recusal of the same PCRA court (which presided over his jury trial and resentencing) in April of 2016. **See** Appellant's Motion for Recusal & Change of Venue, 4/20/16. The court denied the motion at Appellant's resentencing hearing. **See** N.T., 5/10/16, at 5. To the extent Appellant relies on the same bases for seeking the court's recusal presently, this claim is previously litigated. **See** 42 Pa.C.S. § 9543(a)(3).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/11/2021